UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA GRABOWSKI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SKECHERS U.S.A., INC.,<br><br>　　　　　Defendant.<br>_____<br><br>AND RELATED CASE.<br>_____ | Civil No. 10-CV-1300-JM(WVG)<br>　　　　10-CV-1780-JM(WVG)<br><br>ORDER ON EX PARTE MOTION FOR<br>RECONSIDERATION<br><br>(10CV1300: DOC. NO. 38)<br>(10CV1780: DOC. NO. 35) |

　　　Pending before the Court is Plaintiffs' motion for reconsideration of the Court's January 11, 2011, Order denying the parties' joint motion to extend the deadline to amend pleadings, file motions to join parties, and to file additional pleadings. Before ruling on the pending motion, the Court sees fit to address the unacceptable manner in which the original motion was presented.

　　　First, with the deadline to file amended pleadings set to expire on January 10, 2011, the parties waited to file their joint "motion" until January 10, 2011, at 7:04 p.m. without any advance notification to the Court. The document was then re-filed the next day with an error in the signature blocks fixed.

1 | To compound the eleventh-hour filing, the parties' joint
2 | "motion" was nothing of the sort.  Rather, they submitted a half-
3 | page <u>stipulation</u> for a week's extension of the amendment deadline.
4 | Further, the "motion" was devoid of much explanation for why the
5 | extension was sought or any explanation why the parties waited until
6 | the very last day of the deadline, and after customary court hours,[1]
7 | to file their "motion."  The parties essentially treated the
8 | granting of the "motion" as a forgone conclusion, the Court's
9 | approval being a mere formality in the process.  However, the Court
10 | is not a mere rubber stamp, and the parties should have taken heed
11 | of the standard by which their "motion" would be judged.  The
12 | Federal Rules of Civil Procedure provide in no uncertain terms that
13 | a scheduling order "<u>may</u> be modified <u>only for good cause</u> **and** <u>with the</u>
14 | <u>judge's consent</u>."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  This
15 | rule mentions nothing about the relevancy of the parties' consent or
16 | stipulation.  <u>Cf.</u> Fed. R. Civ. P. 15(a) (allowing a party who cannot
17 | amend its pleadings as a matter of course to do so "only with the
18 | opposing party's written consent **or** the court's leave.") (emphasis
19 | added).  Moreover, as the Rule's use of "may" signifies, granting
20 | the amendment request is discretionary.  The Court, faced with the
21 | parties' meager eleventh-hour motion, and without much explanation
22 | for its necessity, was left without any basis to grant it for "good
23 | cause."
24 | Apparently dissatisfied with the Court's denial of the
25 | parties' feeble "motion," Plaintiffs then further burdened this
26 | Court and the Honorable District Judge with simultaneous motions to
27 |
28 | [1]    Although the undersigned arrives well before customary court hours and leaves well after same, the parties had no way of knowing that.

amend their Complaint and for reconsideration of the Court's January 11, 2011, Order. In their motion for reconsideration, Plaintiffs finally set forth detailed reasons for the deadline extension. However, these newly proffered reasons are not new, and Plaintiffs again flout the standard by which their motion will be judged. Fed. R. Civ. P. 60(b) (enumerating grounds for relief from an order). Plaintiffs' reasons for relief were known to all parties before the filing of the original motion, and they provide no indication that any other Rule 60(b) ground for relief exists here.

The foregoing notwithstanding, the Court recognizes that Plaintiffs' motion to amend, which is currently pending before the Honorable Jeffrey T. Miller; will require further briefing, judicial resources and time; and will necessarily be judged by a rather liberal standard under Rule 15(a). Therefore, purely in the interest of judicial economy and the undersigned's respect for Judge Miller's time, the Court GRANTS Plaintiffs' motion. See Fed. R. Civ. P. 60(b)(6). Plaintiffs shall file any amended pleadings no later than February 24, 2011.

IT IS SO ORDERED.

DATED: February 17, 2011

                                              Hon. William V. Gallo
                                              U.S. Magistrate Judge